[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
John S. Papa, Jr., Esq., Defense Counsel, for Petitioner Stephen G. Preleski, Esq., Assistant State's Attorney for the State.
BY THE DIVISION CT Page 2474
Upon a plea of guilty to charges of Robbery in the first degree in violation of Conn. Gen. Stat. 53a-134 and a charge of Assault in the first degree in violation of Conn. Gen. Stat.53a-59 and was sentenced to a term of twenty years execution suspended after fifteen years with five years probation.
The evidence supporting the conviction here indicates that petitioner gained entrance to his stepfather's house and when the stepfather came home from work petitioner struck him several times with a crowbar inflicting serious injuries. Petitioner then robbed the victim of sixty to eighty dollars.
Petitioner's attorney stated that the crime arose out of his client's severe drug dependency and requirement for money to support his habit. The attorney also stressed petitioner's troubled youth and the abuse he then suffered.
Two days prior to the robbery and assault on his stepfather, petitioner committed a violent robbery against his mother. For this crime he was sentenced to a concurrent sentence of ten years. Petitioner's attorney stated that the sentence under consideration was excessive and urged the division to reduce it so that petitioner could be released to probation after serving ten years.
The petitioner stated that the crime was a product of his drug involvement and that he did not even remember it. He stated that he was never afforded any treatment for his drug problem.
At the time of sentencing, the judge had before him a person with a criminal record that included a violation of probation, a failure to appear as well as a prior robbery. At the time of this offense, petitioner was on supervised home release for the prior robbery which involved the use of a knife. Petitioner was sentenced for two separate violent crimes committed on separate dates involving separate victims. When the pleas were entered, petitioner agreed that a sentence not to exceed fifteen years could be imposed. The judge imposed this sentence.
The sentence imposed was well under the maximum which could have been imposed under the statutes. Considering the crime involved and petitioner's criminal record, it cannot be found that the sentence imposed was unduly harsh or disproportionate.
The sentence is affirmed. CT Page 2475
PURTILL, JR. KLACZAK, JR. BARRY, J.